UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
NOV 24 2010
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

CHRISTOPHER EARL STRUNK,

    Plaintiff,

v.

UNITED STATES DEPARTMENT
OF THE INTERIOR, *et al.*,

    Defendants.

Civil Action No. 10-0066 (RJL)

## MEMORANDUM OPINION

Plaintiff brings this action under the Freedom of Information Act ("FOIA"), *see* 5 U.S.C. § 552, against the United States Department of Agriculture ("USDA").[1] This matter is before the Court on defendants' motion to dismiss in part and for summary judgment. For the reasons discussed below, the motion will be granted.

---

[1] "Exhaustion of administrative remedies is generally required before seeking judicial review" under the FOIA. *Wilbur v. Cent. Intelligence Agency*, 355 F.3d 675, 677 (D.C. Cir. 2004) (per curiam). If a requester has not exhausted his administrative remedies, his FOIA claim is subject to dismissal. *See Hidalgo v. Fed. Bureau of Investigation*, 344 F.3d 1256, 1258 (D.C. Cir. 2003).

The Court construed plaintiff's complaint as bringing a FOIA claim also against the United States Department of the Interior ("DOI"). However, the DOI's declarant stated that the agency found no record of receipt of a FOIA request from plaintiff. *See* Defs.' Mem., Decl. of Alexandra Mallus ¶¶ 3, 5. For this reason, defendants moved to dismiss plaintiff's FOIA claim against the DOI on the ground that plaintiff failed to exhaust his administrative remedies. *See* Defs.' Mem. at 7-9. Plaintiff did not oppose the motion, and, accordingly, the motion will be granted as conceded.

1

I. BACKGROUND

In September 2009, plaintiff submitted a FOIA request to the USDA's National Agricultural Statistics Service ("NASS") for the following information:

> [M]ailing addresses of all the current demographic of New York Farmers enumerated in the current statistics for the state of New York from 2007 thru the present; and furthermore all the addresses of the prior demographic of New York's Farmers/Farms enumerated in the prior demographic and statistics from 1967 thru the present, however, dropped from the current New York statistic enumeration for whatever reason.

Defs.' Mem. of P. & A. in Supp. of the Mot. to Dismiss In Part and for Summ. J. ("Defs.' Mem."), Decl. of Stasia M. Hutchison ("Hutchison Decl."), Ex. 1 ("Freedom of Information Law Request for all the Addresses of New York's Farmer/Farm demographic used in Statistics" dated September 15, 2009). NASS forwarded the request to the Research Education, and Economics ("REE") FOIA Office for processing, Hutchison Decl. ¶ 5, and the request was assigned FOIA Tracking No. 09-159, *id.*, Ex. 2 (Letter to plaintiff from V. Herberger, Freedom of Information Act and Privacy Act Officer, Agricultural Research Service, REE, USDA, dated September 30, 2009) at 1.

The USDA construed plaintiff's request as one seeking "addresses of New York's farmers and farm demographics used in NASS statistics." Hutchison Decl. ¶ 5. Because this information is deemed confidential and exempt from disclosure under FOIA Exemption 3, the request was denied in full. *Id.* ¶ 6; *see id.*, Ex. 2 at 1-2. Plaintiff administratively appealed this determination to NASS's Administrator, *id.*, Ex. 3 ("APPEAL from the denial of the Request for all the Addresses of New York's Farmer/Farm demographic used in statistics with F.O.I.A. Tracking No. 09-159" dated October 9, 2009), who "uph[e]ld the decision to withhold the

mailing addresses pursuant to 5 U.S.C. [§] 552(b)(3)," *id.*, Ex. 4 (Letter to plaintiff from C. Clark).

In this action, plaintiff asks the Court to "Order the [USDA] and or agencies under it's' [sic] control to immediately turn over the documents referred to above." Compl. at 23. He also demands an award of attorney fees and costs. *Id.* ¶ 70.[2]

## II. DISCUSSION

### A. Summary Judgment in a FOIA Case

The Court grants a motion for summary judgment if the pleadings, the discovery and disclosure materials on file, together with any affidavits or declarations, show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "[A] material fact is 'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party" on an element of the claim. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Factual assertions in the moving party's affidavits or declarations may be accepted as true unless the opposing party submits his own affidavits, declarations or documentary evidence to the contrary. *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992).

In a FOIA case, the Court may grant summary judgment based solely on information

---

[2] Under the FOIA, the Court "has jurisdiction to enjoin [an] agency from withholding agency records and to order the production of any agency records improperly withheld from the [requester]." 5 U.S.C. § 552(a)(4)(B); *see Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 139 (1980). The additional relief plaintiff demands, "a declaratory judgment . . . as to Federal Defendants collectivizing of the Farm Sector, and . . . a special master to determine the facts associated with the oppression in the Farm Sector in the event that the judgment defers to the USDA," Compl. at 23, is not available under the FOIA.

3

provided in an agency's affidavits or declarations if they are relatively detailed and when they describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981); *see also Hertzberg v. Veneman*, 273 F. Supp. 2d 67, 74 (D.D.C. 2003). Such affidavits or declarations are accorded "a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'" *SafeCard Servs., Inc. v. Sec. & Exch. Comm'n*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (quoting *Ground Saucer Watch, Inc. v. Cent. Intelligence Agency*, 692 F.2d 770, 771 (D.C. Cir. 1981)).

### B. The Census of Agriculture and Data Security

NASS "conducts hundreds of surveys each year and uses information gathered to prepare reports about all aspects of U.S. agriculture including production, prices, farm labor and wages, chemical use, farm financing, and demographics of agricultural producers." Defs.' Mem., Decl. of Joseph T. Reilly ("Reilly Decl.") ¶ 4. NASS collects its data "by telephone, by mail, by internet through a secure server, and by in-person visits in which data is collected on paper." *Id.* ¶ 6. Data gathered from agricultural producers is released "in statistical reports" on which "the general public, . . . state and local governments, universities, agribusinesses, trade associations, and the producers themselves" rely. *Id.* ¶ 4. Critical to NASS's mission is the protection of "the privacy and identity of individual farmers, ranchers, and other data providers." *Id.*

The information plaintiff requests "was primarily collected through mandatory programs associated with the Census of Agriculture," taken every five years, which "is a complete count of

United States farms, ranches, and the individuals who operate them." *Id.* ¶ 6. Among other items, this census "collects data on . . . land use and ownership, operator characteristics, production practices, income, and expenditures." *Id.* NASS "safeguards this information by maintaining it under strict security guidelines that limit access to approved individuals." *Id.* ¶ 7. The data is maintained in secured buildings and access is granted only upon a person's display of proper identification. *Id.*

NASS publishes a Confidentiality Pledge regarding the Census of Agriculture, available to the public on its website, which in relevant part states:

> 1. **Names, addresses, and personal identifiers are fully protected by NASS with the force of law.**
>
> After data collection, [NASS] processes the data independent of names and addresses. Original paper questionnaires are kept in a secure area, and then destroyed as prescribed by law. Names, addresses, phone numbers, and other personal identifiers are held securely by NASS and used only to conduct official business. Title 7, U.S. Code, Section 2276 and the Confidential Information Protection and Statistical Efficiency Act prohibit public disclosure of individual information. Personal information, including reported data, is protected from legal subpoena and Freedom of Information Act requests.

*Id.*, Ex. A (NASS Confidentiality Pledge) ¶ 1 (bold type in original). All persons working for or in cooperation with NASS "sign[] a confidentiality form which states that no confidential reported information will be compromised," and a violation of this provision is punishable by a jail term, a fine, or both. *Id.* ¶ 2.

In addition, NASS publishes a Security Pledge which "explains that the NASS computer network is password protected, monitored by a security officer and frequent virus scans, and further enhanced by the implementation of security controls as recommended by internal and

5

outside consultants." Reilly Decl. ¶ 9. All persons "working on a NASS program sign[] a confidentiality certification each year stating that survey information must be protected." *Id.*

## C. Exemption 3

Exemption 3 protects records that are "specifically exempted from disclosure by statute . . . provided that such statute (A) [requires withholding] in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld." 5 U.S.C. § 552(b)(3). "Exemption 3 differs from other FOIA exemptions in that its applicability depends less on the detailed factual contents of specific documents; the sole issue for decision is the existence of a relevant statute and the inclusion of withheld material within that statute's coverage." *Goland v. Cent. Intelligence Agency*, 607 F.2d 339, 350 (D.C. Cir. 1978); *Ass'n of Retired R.R. Workers v. U.S. R.R. Ret. Bd.*, 830 F.2d 331, 336 (D.C. Cir. 1987).

As stated above, plaintiff "specifically requested the mailing addresses of individuals enumerated in . . . statistics" collected by the USDA, Hutchison Decl. ¶ 10, and "NASS understood [the] request to seek addresses of New York's farmers and farm demographics used in NASS statistics." Reilly Decl. ¶ 5. The declarant explains that, under 7 U.S.C. § 2276, certain categories of information, including information "collected as part of the Census on Agriculture as well as the more general authority to collect statistical information regarding agriculture," cannot be released to plaintiff under the FOIA. *Id.* ¶ 10. The statute provides that:

> [N]either the Secretary of Agriculture, any other officer or employee of the [USDA] or agency thereof, nor any other person may . . . disclose [certain] information to the public, <u>unless such information has been transformed into a statistical or aggregate form that does not allow the identification of the person who supplied particular</u>

                    <u>information</u>.

7 U.S.C. § 2276(a)(2) (emphasis added). The information to which this subsection applies includes information acquired by the Secretary of Agriculture "concerning agriculture, rural development, aquaculture, and human nutrition . . . obtain[ed] by means of books and correspondence, and by practical and scientific experiments, . . . by the collection of statistics, and by any other appropriate means within his power," 7 U.S.C. § 2204(a); *see* 7 U.S.C. § 2276(d)(5), and information concerning the Census of Agriculture, 7 U.S.C. § 2204g; *see* 7 U.S.C. § 2276(d)(11). "This information is aggregated for use by the [USDA] in its mission." Hutchison Decl. ¶ 8. However, "unaggregated information (e.g. individual farmers' names, addresses, and crop yields) is kept strictly confidential, with very limited exceptions." *Id.*

     The USDA's declarant avers that release of the mailing addresses of individuals who supplied information to NASS "would reveal the identities of the farmers because addresses are typically publicly available through the telephone directory or through public records." Reilly Decl. ¶ 11. The language of the exempting statute, he states, "leaves NASS no discretion to release any portion of this data in unaggregated form." *Id.* ¶ 10; Hutchison Decl. ¶ 9.

     Plaintiff "understands that the law exists to protect any farmer offering production data that if known would undermine proprietary annual yields and planning as to future production." Strunk's Resp. in Opp'n to the Def.'s Mot. to Dismiss In Part and in the Alternative for Summ. J. ("Pl.'s Opp'n") ¶ 6. However, because he requests addresses, not individuals' names, *id.* ¶¶ 3, 5, and because he requests information "going back 50 years," *id.* ¶ 4, he considers the USDA's interpretation of § 2276 "overly broad," *id.* In his view, the agency's argument that "release of an address or zip-code would 'allow the identification of the person who supplied particular

7

information' especially from 50 years earlier is phony baloney." *Id.* ¶ 10. He claims a "right to know the addresses and or zip codes" and suggests that he might "seek out the existence of individual(s)" who might permit the disclosure of data to him. *Id.* ¶ 8.

The USDA reasonably construed plaintiff's FOIA request for farmers' mailing addresses as one for "data in unaggregated form." Hutchison Decl. ¶ 10. The exempting statute bars the release of such information "unless [it] has been transformed into a statistical or aggregate form that does not allow the identification of the person who supplied particular information." 7 U.S.C. § 2276(a)(2). The USDA demonstrates that the information plaintiff requests falls within the scope of Exemption 3, as 7 U.S.C. § 2276(a)(2) requires the withholding unaggregated data pertaining to individual farmers, ranchers, and other providers of data for USDA statistical reports "in such a manner as to leave no discretion on the issue." 5 U.S.C. § 552(b)(3).

### D. Plaintiff Is Not Entitled to an Award of Attorney Fees and Costs

The FOIA authorizes a district court to "assess against the United States . . . other litigation costs reasonably incurred in any case . . . in which the [requester] has substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(i). A party substantially prevails if he "has obtained relief through either . . . a judicial order, or an enforceable written agreement or consent decree[,] or . . . a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial." 5 U.S.C. § 552(a)(4)(E)(ii). The latter provision "essentially codifies the so-called 'catalyst theory' for determining a fee request against the United States, under which a plaintiff is deemed to have 'substantially prevailed' for purposes of § 552(a)(4)(E) if the 'litigation substantially caused the requested records to be released.'" *N.Y.C. Apparel F.Z.E. v. U.S. Customs and Border Protection Bureau*, 563 F. Supp. 2d 217, 221 (D.D.C. 2008) (quoting

*Chesapeake Bay Found. v. Dep't of Agric.*, 11 F.3d 211, 216 (D.C. Cir. 1993)); *see Zarcon, Inc. v. Nat'l Labor Relations Bd.*, No. 06-3161-CV-S-RED, 2008 WL 4960224, at *2 (W.D. Mo. Mar. 25, 2008), *aff'd*, 578 F.3d 892 (8th Cir. 2009).

Plaintiff's request for an award of attorney's fees must be denied. A *pro se* plaintiff who is not an attorney is not eligible for an award of fees under 5 U.S.C. § 552(a)(4)(E). *Benavides v. Bureau of Prisons*, 993 F.2d 257, 259 (D.C. Cir. 1993). More importantly, plaintiff has not prevailed, substantially or otherwise, in this action. The lawsuit does not result in the release of the records plaintiff has requested from the USDA, and, therefore, plaintiff is entitled to neither attorney's fees nor costs of this action.

## III. CONCLUSION

The Court concludes that the USDA has demonstrated its compliance with the FOIA and that it is entitled to judgment as a matter of law. Plaintiff does not oppose the DOI's motion to dismiss for failure to exhaust administrative remedies, and the Court treats the motion as conceded. Accordingly, the Court will grant defendants' motion to dismiss in part and for summary judgment. Plaintiff has not substantially prevailed in this action and his demand for an award of attorney's fees and costs will be denied. An Order consistent with this Memorandum Opinion will be issued separately.

RICHARD J. LEON
United States District Judge

DATE: 11/25/10